```
_____ FILED    _____ ENTERED
_____ LODGED   _____ RECEIVED

       SEP 23 2015
          AT SEATTLE
   CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
```

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff <br><br> v. <br><br> AMANDA LOUISE CARGILE, <br> Defendant. | NO. CR15-206 MJP <br><br> **PLEA AGREEMENT** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Erin H. Becker, Assistant United States Attorney for said District, Amanda Louise Cargile and her attorney, Dennis Carroll, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment: Tampering with Consumer Products, as charged in Count One, in violation of Title 18, United States Code, Section 1365(a).

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering her guilty

*United States v. Cargile* / CR15-206 MJP
Plea Agreement - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

plea, she will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense**. The elements of Tampering with Consumer Products, as charged in Count One, in violation of Title 18, United States Code, Section 1365(a), are as follows:

<u>First</u>, Defendant tampered with a consumer product;

<u>Second</u>, Defendant acted with reckless disregard for the risk that another person would be placed in danger of death or bodily injury, and under such circumstances manifesting extreme indifference to such risk; and

<u>Third</u>, the consumer product had been shipped or transported from one state to another, or from a foreign country to the United States.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense of Tampering with Consumer Products, as charged in Count One, are as follows: A maximum term of imprisonment of up to ten years, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100. If a probationary sentence is imposed, the probation period can be for up to five years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which she will be subject to certain restrictive conditions and requirements. Defendant further understands that if supervised release is imposed and she violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

*United States v. Cargile* / CR15-206 MJP
Plea Agreement - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, she knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;
   b. The right to a speedy and public trial before a jury of her peers;
   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for her;
   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;
   e. The right to confront and cross-examine witnesses against Defendant at trial;
   f. The right to compel or subpoena witnesses to appear on her behalf at trial;
   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and
   h. The right to appeal a finding of guilt or any pretrial rulings.

5. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

6. **Restitution.** Defendant shall make restitution to Lynden Manor in the amount of $722.68, with credit for any amounts already paid. Said amount shall be due and payable immediately and shall be paid in accordance with a schedule of payments as proposed by the United States Probation Office and ordered by the Court.

7. **Statement of Facts.** The parties agree on the following facts. Defendant admits she is guilty of the charged offense:

*United States v. Cargile* / CR15-206 MJP
Plea Agreement - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. Defendant was a licensed practical nurse (LPN) employed at Lynden Manor, an assisted-living facility in Lynden, Washington, in the Western District of Washington, that provides nursing services to its residents, including dispensing prescription medications.

b. As an LPN at Lynden Manor, Defendant's responsibilities included assisting residents with taking their prescribed medications. As such, she had access to carts on which prescription medications, including controlled substances, were stored.

c. Between December 24, 2013, when Defendant began working at Lynden Manor, and February 26, 2014, Defendant removed prescription medications that were intended for patients and replaced those medications with other, less effective medications that had a similar appearance to the original medication. The prescription medications that Defendant removed and replaced with others are as follows:

   i. Twelve hydrocodone-APAP 5/325 mg tablets prescribed for patient H.V.D. were removed from one amber bottle and replaced with twelve acetaminophen 500 mg tablets. The hydrocodone tablets were manufactured by Qualitest in Huntsville, Alabama.

   ii. Forty-two hydrocodone-APAP 5/325 mg tablets prescribed for patient K.N. were removed from one amber bottle and replaced with 42 acetaminophen 500 mg tablets. The hydroconde tablets were manufactured by Mallinckrodt Pharmaceuticals in Hobart, New York.

   iii. Sixty tablets of oxycodone 5 mg prescribed for patient M.M. were removed from four blue OPUS cassettes and replaced with 60 lorazepam 0.5 mg tablets. The oxycodone tablets were manufactured by KVK-Tech in Newtown, Pennsylvania.

*United States v. Cargile* / CR15-206 MJP
Plea Agreement - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

iv.   Thirty hydrocodone-APAP 5/325 mg tablets prescribed for patient N.H. were removed from two blue OPUS cassettes and replaced with 30 acetaminophen 500 mg tablets. The hydrocodone tablets were manufactured by Mallinckrodt Pharmaceuticals in Hobart, New York.

v.   Fifteen hydrocodone-APAP 5/325 mg tablets prescribed for patient K.M. were removed from one blue OPUS cassette and replaced with 15 acetaminophen 500 mg tablets. The hydrocodone tablets were manufactured by Mallinckrodt Pharmaceuticals in Hobart, New York.

vi.   Five acetaminophen/codeine tablets prescribed for patient G.W. were removed from one amber bottle and replaced with five acetaminophen 325 mg tablets. The acetaminophen/codeine tablets were manufactured by Qualitest in Huntsville, Alabama.

d.   By replacing medications prescribed for patients residing in an assisted-living facility with other prescription medications that were similar in appearance to the original medications, Defendant created a significant risk that a patient would be administered a medication that was not prescribed for him or her.

e.   As a nurse, Defendant was aware that oxycodone, hydrocodone, and codeine are all opioid-based, analgesic (i.e., pain-killing) drugs. Defendant was also aware that substituting acetaminophen or lorazepam (which are less effective analgesics, and not opioid-based) for oxycodone, hydrocodone, or codeine would significantly reduce the analgesic effect of the ingested medication, resulting in continued pain. Defendant also knew that substituting acetaminophen or lorazepam for oxycodone, hydrocodone, or codeine could result in a patient dying from an overdose if the patient did not experience adequate pain relief, and so took more of the medication; a

United States v. Cargile / CR15-206 MJP
Plea Agreement - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

patient experiencing an allergic reaction, including death, from taking a medication to which he or she was allergic; or a patient experiencing serious side-effects from taking a medication not recommended for a patient with certain health conditions or who was taking certain other medications. Finally, Defendant knew that there was a risk that any of the patients could suffer withdrawal symptoms, including shaking, nausea, and illness, from taking a non-opioid analgesic when the patient normally took an opioid drug to address pain.

8. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

　　　　a.　　The Court will determine applicable Defendant's Sentencing Guidelines range at the time of sentencing;

　　　　b.　　After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

United States v. Cargile / CR15-206 MJP
Plea Agreement - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

  d. Defendant may not withdraw her guilty plea solely because of the sentence imposed by the Court.

 9. **Acceptance of Responsibility.** At sentencing, *if* the district court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of her intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

 10. **Sentencing Factors and Recommendation.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

  a. A base offense level of 25, pursuant to U.S.S.G. § 2N1.1.

  b. A two-level upward adjustment because of the vulnerability of the victims, pursuant to U.S.S.G. § 3A1.1(b).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

The United States agrees to recommend a term of imprisonment of no greater than 18 months. Defendant understands and acknowledges that the Court is not bound by the recommendation of the United States, and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Beyond the aforementioned

*United States v. Cargile* / CR15-206 MJP
Plea Agreement - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

recommendation with respect to imprisonment, Defendant further understands that the United States is free to make any recommendation at sentencing with respect to any other aspect of her sentencing that the United States chooses.

Defendant further understands that she cannot withdraw her guilty plea simply because of the guidelines determination made by the Court, or because of the sentence imposed by the Court.

11. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

12. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement,

United States v. Cargile / CR15-206 MJP
Plea Agreement - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of his confinement, (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

13. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from her conviction and any pretrial rulings of the court. Defendant further agrees that, provided the court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

*United States v. Cargile* / CR15-206 MJP
Plea Agreement - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      b.    Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of her confinement or the decisions of the Bureau of Prisons regarding the execution of her sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

14. **Voluntariness of Plea**. Defendant agrees that she has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter her plea of guilty.

15. **Statute of Limitations**. In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

16. **Completeness of Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

///

///

*United States v. Cargile* / CR15-206 MJP
Plea Agreement - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Dated this 23 day of September, 2015.

_____
AMANDA LOUISE CARGILE
Defendant

_____
DENNIS CARROL
Attorney for Defendant

_____
MICHAEL DION
Assistant United States Attorney

_____
ERIN H. BECKER
Assistant United States Attorney

*United States v. Cargile* / CR15-206 MJP
Plea Agreement - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970