The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | No. CR15-206 RAJ |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| AMANDA LOUISE CARGILE, | |
| Defendant. | |

The United States of America, by Annette L. Hayes, United States Attorney for the Western District of Washington, and Erin H. Becker, Assistant United States Attorney for said district, files this sentencing memorandum.

## I. INTRODUCTION

This matter is set for a sentencing hearing on September 29, 2017, at 2:30 p.m. The defendant, Amanda Louise Cargile, pled guilty to one count of Tampering with Consumer Products. The government respectfully asks this Court to impose a total of 18 months in custody.

## II. FACTUAL SUMMARY

The defendant worked as a licensed practical nurse at an assisted-living facility in Lynden, Washington. Dkt. 21, ¶ 7(a). During her short period of employment there, from December 24, 2013, to February 26, 2014, she repeatedly removed prescription medications intended for patients and replaced them with other, less effective

*United States v. Cargile* / CR15-206 RAJ
Government's Sentencing Memorandum - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

medications. Dkt. 21, ¶ 7(c). In all, she stole at least 164 pills of various types, affecting at least six patients. Dkt. 21, ¶ 7(c). By doing so, the defendant knowingly placed these patients at serious risk of experiencing untreated pain, overdosing, having an allergic reaction, going through withdrawal symptoms, or dying.

### III.    PROCEDURAL HISTORY

On June 24, 2015, a grand jury sitting in the Western District of Washington returned an Indictment against the defendant charging one count of Tampering with Consumer Products in violation of Title 18, United States Code, Section 1365(a). Dkt. 11. On September 23, 2015, the defendant entered into a Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Dkt. 21. The government agreed to recommend no more than 18 months of incarceration. Dkt. 21, ¶ 10. The Agreement also permits the government to seek a higher sentence than that specified if the defendant engages in illegal conduct, or conduct that violates the conditions of her release, after entering into the Plea Agreement. Dkt. 21, ¶ 12.

Shortly after pleading guilty, the defendant signed a contract to participate in DREAM court, in hopes that successful completion of the prescribed program would result in dismissal of the charge. Dkt. 25, 29. The Court also ordered restitution in the amount of $722.68 to be paid to Lynden Manor, her former place of employment where she committed her offense. Dkt. 26.

The defendant's participation in DREAM court was turbulent and somewhat complex. She violated the conditions of her release on January 11, 2016, by consuming oxycodone, and lied about having a prescription for it. Dkt. 32. She committed the new offense of driving while her license was suspended on March 8, 2016, and failed to seek approval from pretrial services regarding her employment. Dkt. 34, 37. She again drove on a suspended license on June 27, 2016, and failed to report a changed address or phone

*United States v. Cargile* / CR15-206 RAJ
Government's Sentencing Memorandum - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

number to U.S. Probation.[1] Dkt. 43, 48. In November 2016, the defendant used Vicodin, failed to tell a treating physician about her opioid addiction, failed to submit to drug testing, and failed to attend treatment.[2] Dkt. 49, 53. She again used Vicodin in February 2017. Dkt. 57, 58. On May 11, 2017, the defendant was arrested a third time for driving on a suspended license. Dkt. 63. And, in July of this year, she used a controlled substance and again failed to report a change of address or phone number to her pretrial services officer.[3] Dkt. 65, 70. She has received numerous sanctions for these violations. On August 10, 2017, the defendant voluntarily terminated her participation in DREAM court. Dkt. 76.

## IV.   SENTENCING GUIDELINES RANGE

The government agrees with the guidelines calculations set forth in U.S. Probation's Presentence Investigation Report. Specifically, the government agrees that the base offense level is 25. PSR ¶ 2; Dkt. 21, ¶ 10(a); U.S.S.G. § 2N1.1. The government further agrees that a two-level upward adjustment for vulnerable victim and a two-level upward adjustment for abuse of trust are both warranted. PSR ¶¶ 4-5; Dkt. 21, ¶ 10(b); U.S.S.G. §§ 3A1.1(b)(1) and 3B1.3. And, of course, a three-level downward adjustment for acceptance of responsibility is likewise appropriate. PSR ¶ 9; Dkt. 21, ¶ 9; U.S.S.G. § 3E1.1(a), (b). This results in a total offense level of 26. PSR ¶ 10.

U.S. Probation calculates the defendant's criminal history category as III, based on a total criminal history score of five. PSR ¶¶ 11-18. The government notes that two of the defendant's convictions included in this calculation were for crimes committed after she entered into the Plea Agreement; a third was acquired after the date of the Plea Agreement, although for conduct that occurred between the offense conduct at issue here

---

[1] The defendant denied driving on a suspended license, and that allegation was dismissed after she admitted to the other violation.
[2] The defendant denied failing to tell her physician about her addiction and failing to submit to drug testing. These allegations were later dismissed when the parties agreed that the sanctions imposed for the other violations were sufficient to address the defendant's issues with compliance with DREAM court requirements. Dkt. 59.
[3] The defendant admitted to the use of a controlled substance but denied failing to advise pretrial services of a change of address or phone number.

*United States v. Cargile* / CR15-206 RAJ
Government's Sentencing Memorandum - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  and the entry of the Plea Agreement. PSR ¶¶ 14-16. A total offense level of 26 combined
2  with a criminal history category III yields a guideline range of 78 to 97 months. PSR
3  ¶ 25; U.S.S.G. ch. V, pt. A.

## V. SENTENCING RECOMMENDATION

As this Court is aware, it is to consider both the guideline range and the factors set forth in Title 18, United States Code, section 3553, in fashioning a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from further crimes of the defendant, and provide the defendant with needed training, care, or treatment. This Court is also to consider the nature and circumstances of the offense, the history and characteristics of the offender, the kinds of sentences available, the policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims of the defendant's crimes.

In addition, the Interagency Agreement regarding the Drug Reentry Alternative Model specifies that, when a DREAM participant is terminated from the program, sentence will be imposed by the judge overseeing the DREAM program "pursuant to the previously entered plea and plea agreement." Agreement at 2. Further, all of the parties and the court shall "have access to and may consider for purposes of sentencing the participant's DREAM Program File." Agreement at 18. And, "in making a recommendation, the parties should not recommend a longer sentence than what would have been imposed if the standard plea was taken simply as a means to 'set an example' for other drug court participants." *Id.*

In considering all of the statutory factors, as supplemented by the DREAM court agreement, the United States respectfully asks this Court to impose a sentence of imprisonment of 18 months in custody.

First, the nature and circumstances of the defendant's offense are egregious. Almost from the first day at her new job, the defendant began pilfering drugs to satisfy

*United States v. Cargile* / CR15-206 RAJ
Government's Sentencing Memorandum - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

her own addiction, with complete disregard for the consequences to others, which could well have been fatal. Additionally, those individuals from whom she stole were at particular risk—both because they were largely incapable of protecting themselves, and because the defendant was in a position of unique trust towards those same individuals whose vulnerability she so carelessly exploited. And, the defendant's offense was not a one-time occurrence. Instead, she repeatedly victimized patients in her care, stealing over 150 pills from multiple individuals. Her conduct did not end because of the defendant's recognition of the wrongfulness of her conduct, or her remorse at putting so many people at such grave risk, but merely because she was caught.

Second, U.S. Probation correctly observes that the history and characteristics of the defendant involve "both mitigating and aggravating factors." The Court is well aware of the facts of the defendant's background that contributed to her being in front of the Court in the first place. However, she has continued to reoffend, to use illegal drugs or controlled substances without a prescription, to refuse to cooperate with supervision, and to lie to the Court while enrolled in a program designed to assist her.

Third, U.S. Probation has provided a useful review of how the Western District of Washington has adjudicated other defendants convicted of the same offense of Tampering with Consumer Products. The sentences have ranged from 90 days to 27 months, and have involved a number of aggravating and mitigating factors; unlike the defendant, however, all of the previous cases involved defendants with a criminal history category of I. A sentence of 18 months, under the circumstances here, does not create any unwarranted sentencing disparities.

Finally, the defendant's 20-month participation in DREAM court demonstrates that the defendant is either unwilling to comply or incapable of complying with court-imposed conditions that are necessary for her to establish and maintain sobriety and to protect the public. Indeed, not only has the defendant repeatedly relapsed, but she has lied about that fact and committed new offenses. The purpose of DREAM court is not to lighten penalties for criminal offenses, but to ameliorate the risk of future criminal

*United States v. Cargile* / CR15-206 RAJ
Government's Sentencing Memorandum - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conduct that harms the community by addressing one of its root causes: addiction. Yet, the defendant has repeatedly proven that she is not amenable to treatment or supervision. Even when provided with significant assistance paired with substantial incentives to adjust her conduct, the defendant has not done so. If past is prologue, the defendant has clearly previewed what the Court can expect from the defendant once she is placed on supervision.

Through her offense conduct, the defendant has proven that she is willing to risk the lives of patients under her care in order to feed her addiction. If her addiction cannot be treated, she continues to pose a significant risk to the community. While she will no longer be able to commit the identical offense now before the Court, her disregard for the safety of others in her care shows that she will commit serious offenses in order to get drugs. With all this in mind, and considering the Court's obligation to fashion a sentence that reflects the seriousness of the offense, affords deterrence, and protects the public, among other goals, a substantial sentence is warranted. Especially in light of the fact that the defendant is not amenable to the treatment she clearly needs, and that she has not been cooperative with supervision in the past, an 18-month sentence is appropriate.

The government also notes that its recommendation does not improperly attempt to use a sentence to "send a message" to other DREAM court participants. Rather, the 18-month sentence is what it would have recommended had the defendant not participated in DREAM court. Indeed, had she not participated in the DREAM program, but repeatedly used drugs and reoffended while pending sentencing, the government may well have argued for an increased sanction, which would have been within its rights under the Plea Agreement. Dkt. 21, ¶ 12. While the government should not increase its sentence recommendation due simply to failed participation in the program, neither should a defendant benefit from that failure. Of course, the Court may appropriately consider the defendant's Program File—documenting both a participant's successes and her failures, but a lighter sentence for participating in DREAM is counterproductive to the program, especially if it rewards extensive misconduct that would not be countenanced in any other

United States v. Cargile / CR15-206 RAJ
Government's Sentencing Memorandum - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

context. Instead, the Court should impose a sentence that, while informed by the defendant's conduct during her participation in the DREAM program, is ultimately one that is "pursuant to the previously entered plea and plea agreement."

## VI. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court impose a sentence of 18 months of incarceration. The government further recommends three years of supervised release and all of the conditions proposed by U.S. Probation.

DATED this 22nd day of September, 2017.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

*/s/ Erin H. Becker*
Erin H. Becker
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: (206) 553-2905
Fax: (206) 553-0882
E-mail: Erin.Becker@usdoj.gov

*United States v. Cargile* / CR15-206 RAJ
Government's Sentencing Memorandum - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

*s/ Jacqueline Masonic*
JACQUELINE MASONIC
Supervisory Legal Admin Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: 206-553-7970
Fax: 206-553-0755
Email: Jackie.Masonic@usdoj.gov

*United States v. Cargile* / CR15-206 RAJ
Government's Sentencing Memorandum - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970