1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

AMANDA CARGILE,

Defendant.

No. 2:15-cr-00206-RAJ

ORDER

This matter comes before this Court on Defendant Amanda Cargile's Emergency Motion for Sentence Reconsideration. Dkt. 114. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I.    BACKGROUND

Ms. Cargile has had a lengthy undertaking with this Court. She was originally indicted on one count of Tampering with Consumer Products on June 24, 2015. Dkt. 11. She entered a plea of guilty on September 23, 2015. Dkt. 21. She participated in this Court's DREAM program for two years and eventually voluntarily terminated her participation on August 10, 2017. Dkt. 76. Her U. S. Sentencing Guideline range was 78 to 97 months. She was sentenced to four months in custody on September 29, 2017. Dkt. 85.

ORDER - 1

As noted by the Government, the defendant struggled with compliance with the conditions of supervision and committed a host of violations from May 2018 through September of 2019.  During this time the defendant continued to use controlled substances, including methamphetamine, amphetamine, heroin, and marijuana; she also used alcohol, failed to make restitution payments, and associated with a convicted felon without permission.  Dkt. 87-94, 105.

In addition to the foregoing, the defendant was arrested and charged on November 25, 2019 with Driving Under the Influence in Whatcom County.  After entering a plea of guilty she was sentenced to 10 days in custody.  While this charge was pending the defendant submitted UA's that were positive for methamphetamine on January 29 and February 3, 2020.  The current violation was incorporated into the initial petition.

A revocation hearing on the noted petition was held on April 10, 2020 and the defendant was sanctioned 15 days in custody.  Dkt. 112.  This Order is the result of the defendant's request for an emergency motion to reconsider the sanction.  The Court extended the defendant's report date to August 14, 2020 in order to allow adequate briefing on the motion.

## II. DISCUSSION

The defendant properly notes that motions for reconsideration are generally disfavored.  Local Rule W. D. Wash. LCR 12(b)(13(A).  That Rule goes on to note that the court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the attention earlier with reasonable diligence.

The defendant does not allege manifest error in the Court's prior order but narrows her argument to the new facts component of the Rule. Specifically she contends the COVID-19 virus and her medical condition (genetic clotting disorder) as the basis to support reconsideration of the sentence imposed.  Dkt. 118.

ORDER - 2

The government does not appear to contest that the severity of COVID-19 constitutes new facts and could not have been brought to the Court's attention earlier.  Instead, the government focuses its opposition to the motion on grounds that the Court lacks authority to reconsider its earlier decision. Dkt. 117 at p. 3.

The Court need not address the issue of whether it has authority to reconsider its prior decision as the Court is basing its conclusion that home detention is not appropriate in light of the Title 18 U.S.C. § 3553(a) factors.  As acknowledged by the defendant, these factors include "the nature and circumstances of the offense, history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, promoting respect for the law, providing just punishment for the offense, and avoiding unwarranted sentencing disparities."

The Court recognizes that the defendant has a substance use disorder and continues to face the challenges of that disease.  However, at the time the 15 days' confinement was imposed, the defendant had been on supervised release for nearly 16 months and regularly violated the terms of supervision using a variety of illegal drugs despite a cascade of opportunities at treatment.

The defendant minimizes the violation of Driving Under the Influence with the corresponding additional drug use violations.  This combination of violations creates a danger to the community.  It is one thing for the defendant to abuse drugs and endanger her own life, but the DUI offense created a risk of harm to the community that cannot be tolerated.  The punishment imposed by the Court was ordered to achieve the goal of deterring her from further criminal conduct and protecting the public from her criminal conduct.

The defendant further seeks conversion of her 15 days of confinement to home detention.  Her argument is focused on her risk factor if she is exposed to the virus.

First, if defendant is in fact directed to Dublin FCI, the current (August 11, 2020) conditions at that facility according to the BOP website *https://www.bop.gov/coronavirus* indicate:

| | |
|---|---|
| Inmates Positive: | 0 |
| Staff Positive: | 1 |
| Inmate Deaths: | 0 |
| Staff Deaths: | 0 |
| Inmates Recovered: | 1 |
| Staff Recovered: | 5 |

While any number of positives of the virus are of significant concern to this Court, it would appear the potential effects of COVID-19 at that facility would be minimal in light of the current pandemic record at Dublin FCI.

Additionally, the defendant raises concerns that an existing blood clot in her left leg may raise her risk factor for the virus. On this point, the Court agrees with the government, that while blood clots are of concern, the defendant has presented no convincing evidence that a history of deep venous thrombosis is a risk factor for contracting or suffering severe complications from COVID-19. Moreover, the Centers for Disease Control and Prevention do not list this condition as increasing the risk of severe illness from COVID-19. Dkt. 117, pgs. 5-6.

The Court is not convinced that upon this record it should reconsider the previous sentence or convert the 15 days of confinement to home detention.

**THEREFORE**, Amanda Cargile's Emergency Motion for Sentence Reconsideration is **DENIED**.

///

///

///

///

ORDER - 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Court **ORDERS** that the defendant's report date is extended from August 14, 2020 to September 14, 2020.  She is directed to report on that date to the Federal Detention Center, Seattle, Washington, or to Federal Correctional Institution Dublin Satellite Camp as directed by United States Probation and Pretrial Services in its letter dated April 20, 2020, to begin commencement of her sentence.

DATED this 12th day of August, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER - 5